# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DANNIELLE FLAHERTY**, | |
| 5766 Spring Hollow<br>Toledo, OH 43615 | |
| **PLAINTIFF**, | CASE NO. 3:21-cv-1845 |
| v. | |
| **SURFACE COMBUSTION, INC.**, | DISTRICT JUDGE |
| C/O Statutory Agent Richard D. Malone<br>7654 West Bancroft Street<br>Toledo, OH 43617-1604 | MAGISTRATE JUDGE |
| **DEFENDANT**. | **COMPLAINT WITH JURY DEMAND** |

## I.  NATURE OF THE CLAIMS

1.  This is a civil action by Plaintiff Dannielle Flaherty against her former employer, Surface Combustion, Inc.  Ms. Flaherty suffers from severe psoriasis.  To help treat this condition, she takes a mediation called Skyrizi.  It is known as a "biologic drug," which substantially impairs the operation of Ms. Flaherty's immune system.  As a result, Ms. Flaherty's medical condition, and her treatment for it, puts her at increased risk of severe infection or death if she were she to contract COVID-19.

2.  In early 2020, when the COVID-19 pandemic began, Ms. Flaherty sought to limit her potential exposure to the virus as much as reasonably possible.  However, at that time, the company reassigned her to work as a receptionist even though her regular job was as a human resources administrative assistant.  As a receptionist, Ms. Flaherty would have received substantially more potential exposure to COVID-19 because all visitors to the company would

pass by her in close proximity. If Ms. Flaherty were just working her regular human resources job, she could remain much more sequestered from potential exposure.

3. In response, Ms. Flaherty discussed her psoriasis, and how her medication negatively affected her immune system, with Defendant. She even provided doctor's notes substantiating these concerns. She asked Defendant to accommodate her medical condition by not having to work as a receptionist and instead remaining in her regular human resources job. She also asked Defendant to let her work from home, as half of the company was doing at the time. Defendant refused these accommodations.

4. Because Defendant denied Ms. Flaherty any reasonable accommodations for her medical condition, it suggested that she use leave under the Family and Medical Leave Act (FMLA) to stay at home and limit her risk of exposure to COVID-19. On or about April 1, 2020, Defendant provided Ms. Flaherty with FMLA certification forms, giving her a return deadline of April 16, 2020. Ms. Flaherty had her doctor complete the FMLA certification forms and she timely submitted them to Defendant. The company, however, found that Ms. Flaherty's doctor had provided incomplete or insufficient information on the forms. As a result, it immediately denied her FMLA leave and fired her for being absent from work.

5. Defendant violated the FMLA by firing Ms. Flaherty. Under 29 C.F.R. § 825.305(c), if the company believed that Ms. Flaherty's FMLA certification forms were incomplete or insufficient, it was required to "state in writing what additional information is necessary to make the certification complete and sufficient" and then provide Ms. Flaherty with at least seven calendar days to correct the issue. Defendant failed to do so, and so it violated the FMLA. The company's violation is also the proximate cause of Ms. Flaherty's termination, as Defendant admittedly fired Ms. Flaherty for absences that would have been covered by the

FMLA, and thus would have been job-protected leave, had Defendant allowed Ms. Flaherty the additional time required by 29 C.F.R. § 825.305(c).

6. Defendant also violated the Americans with Disabilities Act (ADA) and Ohio Revised Code Chapter 4112. Ms. Flaherty's severe psoriasis, which substantially affected her immune system, qualifies as a disability. She requested accommodations for her disability to limit potential COVID-19 exposure and Defendant denied those accommodations. Specifically, she asked for the following: (a) she asked to not be reassigned to work as a receptionist; (b) she asked to work from home; and (c) her FMLA request doubled as a request for unpaid leave as a reasonable accommodation. Defendant denied all these accommodations, and, again, they were the proximate cause for Ms. Flaherty's termination.

7. Accordingly, Ms. Flaherty now files this civil action. She seeks to recover for the harm she has suffered, to punish Defendant for its conduct, and to deter Defendant from ever perpetrating its conduct against any other person.

## II. JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims made under state law because those claims are so related to the federal law claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

10. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over

3

Defendant Surface Combustion, Inc. because it is a resident of, and has continuous and systematic contacts with, the State of Ohio.

11. Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Northern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

12. Pursuant to Rule 3.8 of the Local Civil Rules of the United States District Court for the Northern District of Ohio, the Western Division is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

### III. PARTIES

13. Plaintiff Dannielle Flaherty ("Plaintiff" or "Ms. Flaherty") is a natural person who is a resident of Lucas County, Ohio. Defendant Surface Combustion, Inc. employed Ms. Flaherty from March 10, 2016, up until Defendant fired her in April of 2020.

14. Defendant Surface Combustion, Inc. ("Defendant" or the "Company") is a for-profit corporation that incorporated in the State of Ohio and has its principal place of business in Lucas County, Ohio. Defendant is a manufacturer of industrial furnaces and heat-treating equipment that provides equipment used to heat-treat automobile parts.

### IV. FACTS

15. Ms. Flaherty worked for Defendant as a human resources administrative assistant. At all relevant times during her employment, her work performance met or exceeded the expectations of her supervisors.

16. Ms. Flaherty suffers from severe psoriasis. She takes medication called Skyrizi to treat this condition. This medication is known as a "biologic drug" and substantially limits the

4

operation of her immune system. However, neither this treatment nor her psoriasis limited Ms. Flaherty in her ability to perform the essential functions of her job.

17. As a result of the outbreak of COVID-19, Defendant changed the job duties of several of its employees. It did so to limit the number of people in its office at a time and comply with regulations put in place to limit the spread of the virus.

18. Defendant then required Ms. Flaherty to begin performing job duties outside of her normal job functions. Specifically, it required her to perform the job duties of its receptionist position. These job duties would require Ms. Flaherty to sit at the front of the office and directly interact individuals who entered the building.

19. Ms. Flaherty objected to the sudden change in her job duties. She cited her severe psoriasis, weakened immune system, and increased risk of severe infection for COVID-19. Ms. Flaherty also provided notes from her doctor highlighting this increased risk and requesting an accommodation for it.

20. Additionally, Ms. Flaherty requested an accommodation to work from home during the pandemic to limit her exposure to COVID-19. At the time, roughly half of Defendant's employees were working from home.

21. Defendant refused to allow Ms. Flaherty to remain in her human resources administrative assistant job. It also refused to let her work from home.

22. Ms. Flaherty then requested leave under the FMLA to limit her risk of exposure to COVID-19.

23. On or about April 1, 2020, Defendant provided Ms. Flaherty with the certification forms for her FMLA leave. Defendant instructed Ms. Flaherty to return the forms on or before April 16, 2020.

24. Shortly after Ms. Flaherty received these forms, Defendant locked her out of her work e-mail account and removed her from its chat application.

25. On April 16, 2020, Ms. Flaherty submitted the completed forms to Defendant. Shortly after she did so, her supervisor, Mark Simon, contacted her via e-mail and asked if she had any additional paperwork. Ms. Flaherty responded that she did not.

26. Ms. Flaherty provided completed copies of every form that Defendant gave to her and instructed she fill out.

27. The next day, Mr. Simon contacted her again via e-mail. He informed Ms. Flaherty that her request for FMLA leave was denied because there was information missing.

28. Defendant did not provide Ms. Flaherty with any additional opportunity to correct these forms. Mr. Simon refused to even explain what information was missing on the forms.

29. Mr. Simon then informed Ms. Flaherty that her employment was terminated.

30. On January 11, 2021, Ms. Flaherty dual-filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of this charge is attached as Exhibit A to this Complaint.

31. On or about July 7, 2021, the EEOC issued its "Right-to-Sue Letter." A true and accurate copy of this "Right-to-Sue Letter" is attached as Exhibit B to this Complaint.

### V. CLAIMS FOR RELIEF

#### COUNT I

**Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, et seq.**
**(FMLA Interference)**

32. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

33. Plaintiff was at all relevant times an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

34. Defendant was at all relevant times an "employer" within the meaning of 29 U.S.C. § 2611(4).

35. Consistent with 29 U.S.C. §§ 2611(11) and 2612, Plaintiff was entitled to leave to care for her own serious health condition.

36. Plaintiff notified Defendant of her intention to take FMLA leave.

37. Defendant denied Plaintiff the full benefits of her FMLA leave.

38. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

39. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that its actions complied with the law.

40. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to her reasonable attorneys' fees and costs incurred in pursuing Count I.

## COUNT II

### Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, et seq.
### (FMLA Retaliation)

41. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

42. Plaintiff availed herself of a right protected by the FMLA.

43. Defendant knew of Plaintiff's protected activity.

44. Plaintiff was subjected to an adverse employment action; namely, her termination of employment.

45. A causal connection exists between Plaintiff's exercise of protected activity and the adverse employment action she suffered.

46. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

47. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that its actions complied with the law.

48. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to her reasonable attorneys' fees and costs incurred in pursuing Count II.

## COUNT III

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.**
**(Disability Discrimination – Termination of Employment)**

49. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

50. Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

51. Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

52. Defendant was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

53. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted her administrative remedies.

54. Defendant violated 42 U.S.C. § 12112(a) when it terminated Plaintiff's employment because of her disability.

55. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

56. Consistent with 42 U.S.C. § 12117, 42 U.S.C. § 2005e-5, and 42 U.S.C. § 1981a, Plaintiff is entitled to punitive damages because Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

57. Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count III.

## COUNT IV

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.
(Regarded-as Disability Discrimination – Termination of Employment)**

58. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

59. Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

60. Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(C).

61. Defendant was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

62. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted her administrative remedies.

63. Defendant violated 42 U.S.C. § 12112(a) when it terminated Plaintiff's employment because of her disability.

64. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

65. Consistent with 42 U.S.C. § 12117, 42 U.S.C. § 2005e-5, and 42 U.S.C. § 1981a, Plaintiff is entitled to punitive damages because Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

66. Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count IV.

## COUNT V

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.**
**(Disability Discrimination – Failure to Accommodate)**

67. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

68. Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

69. Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

70. Defendant was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

71. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted her administrative remedies.

72. Defendant violated 42 U.S.C. § 12112(a) when it failed to reasonably accommodate Plaintiff's disability.

73. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

74. Consistent with 42 U.S.C. § 12117, 42 U.S.C. § 2005e-5, and 42 U.S.C. § 1981a, Plaintiff is entitled to punitive damages because Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

75. Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count V.

## COUNT VI

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.
(Retaliation – Termination of Employment)**

76. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

77. Plaintiff was at all relevant times an "individual" within the meaning of 42 U.S.C. § 12203.

78. Defendant was at all relevant times a "person" within the meaning of 42 U.S.C. § 12203.

79. Plaintiff engaged in the activity protected by 42 U.S.C. § 12203.

80. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted her administrative remedies.

81. Defendant violated 42 U.S.C. § 12203 when it terminated Plaintiff's employment because she engaged in the activity protected by 42 U.S.C. § 12203.

82. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

83. Consistent with 42 U.S.C. § 12117, 42 U.S.C. § 2005e-5, and 42 U.S.C. § 1981a, Plaintiff is entitled to punitive damages because Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

84. Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count VI.

## COUNT VII

### Violation of Ohio Revised Code Sections 4112.02 and/or 4112.99
(Disability Discrimination – Termination of Employment)

85. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

86. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

87. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

88. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

89. Defendant violated Ohio Revised Code Sections 4112.02 and/or 4112.99 when it terminated Plaintiff's employment because of her disability or disabilities. Alternatively, Plaintiff's disability or disabilities was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

90. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

91. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

92. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count VII.

### COUNT VIII

**Violation of Ohio Revised Code Sections 4112.02 and/or 4112.99
(Regarded-As Disability Discrimination – Termination of Employment)**

93. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

94. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

95. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

96. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

97. Defendant violated Ohio Revised Code Sections 4112.02 and/or 4112.99 when it terminated Plaintiff's employment because of her physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

98. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

99. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

100. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count VIII.

## COUNT IX

### Violation of Ohio Revised Code Sections 4112.02 and/or 4112.99
### (Disability Discrimination – Failure to Accommodate)

101. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

102. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

103. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

104. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

105. Defendant violated Ohio Revised Code Sections 4112.02 and/or 4112.99 when it failed to provide a reasonable accommodation for Plaintiff's disability.

106. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

107. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

108. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IX.

### COUNT X

**Violation of Ohio Revised Code Sections 4112.02 and/or 4112.99
(Retaliation – Termination of Employment)**

109. All of the preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

110. Plaintiff was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

111. Defendant was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

112. Plaintiff engaged in the activity protected by Ohio Revised Code Section 4112.02(I).

113. Defendant violated Ohio Revised Code Sections 4112.02(I) and/or 4112.99 when it terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

114. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

115. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

116. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count X.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendant;

F. All costs and expenses incurred in pursuing the claims against Defendant;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Civ.R. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

    Respectfully submitted,

    By: /s/ Jason E. Starling
    Jason E. Starling (Ohio Bar No. 0082619), Trial Attorney
    Kevin R. Kelleher (Ohio Bar No. 0099167)
    WILLIS SPANGLER STARLING
    4635 Trueman Boulevard, Suite 100
    Hilliard, Ohio 43026
    Telephone: (614) 586-7915

        Facsimile: (614) 586-7901
        jstarling@willisattorneys.com
        kkelleher@willisattorneys.com

        *Attorneys for Plaintiff Dannielle Flaherty*